[Cite as *Mason v. Myles*, 2012-Ohio-3500.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

FERNANDO MASON                  :

    Plaintiff-Appellee          :          C.A. CASE NO.    25067

v.                              :          T.C. NO.    11DR946

ROBIN E. MYLES                  :          (Civil appeal from Common
                                        Pleas Court, Domestic Relations)

    Defendant-Appellant        :

                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____3rd____ day of ____August____, 2012.

. . . . . . . . . .

PATRICIA N. CAMPBELL, Atty. Reg. No. 0068662, 2190 Gateway Drive, Fairborn, Ohio 45324
    Attorney for Plaintiff-Appellee

ROBIN E. MYLES, 8215 Mt. Carmel Street, Huber Heights, Ohio 45424
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

       **{¶ 1}**  Robin E. Myles appeals from a Final Judgment and Decree of Divorce

filed in the Montgomery County Court of Common Pleas, Domestic Relations Division,

which awarded custody of her son to his father, Fernando Mason, and ordered her to pay

child support. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} The parties were married in May 2010. One son was born of their relationship prior to the marriage. Mason filed for divorce in August 2011. Myles represented herself in the divorce proceedings, and Mason was represented by counsel.

{¶ 3} The parties' child was born prematurely and has significant medical needs. He was hospitalized for several weeks after his birth, required extensive nursing care when he was released from the hospital, and was readmitted to the hospital a short time later. Children Services was involved with the family during this time because the agency had concerns about Myles's ability to care for her child and because the agency did not realize that Mason and Myles were married. The child was released from his second hospitalization on the condition that visiting nurses help with his care for 18 hours each day and that Mason be available to assist with the child during the other six hours. By order of the juvenile court, it was also determined that Myles would not make medical or feeding decisions for the child. When the parties separated, the trial court granted temporary custody of the child to Mason.

{¶ 4} The hearing on the complaint for divorce was held on February 2, 2012. Mason and his attorney were present, but Myles did not appear, "despite proper notice and service." Mason and a "corroborating witness" testified at the hearing. The trial court granted the divorce and designated Mason as the residential and custodial parent. The court also ordered the following: 1) that Myles have supervised visitation with the child at Erma's House, 2) that Myles undergo a psychological assessment and comply with any recommendations for treatment, 3) that Myles pay child support to Mason, and 4) that

Mason provide health insurance for the child through his employer "so long as [it] is available to him at a reasonable cost." The court did not order spousal support. Myles was ordered to pay child support in the amount of $175 per month during any period in which health insurance was being provided for the child by Mason and to pay $156 per month when private health insurance was not being provided.

{¶ 5} Myles filed a notice of appeal, pro se. She has not provided this court with a transcript of the hearing in the trial court. Her brief sets forth a list of "justifiable errors" related to the court's determinations of custody and child support; it also includes a "personal statement" from Myles in which she attributes various faults and abuse to Mason and describes the shortcomings and errors of several home nurses who were assigned to care for her son. The information contained in the personal statement is not relevant to the judgment from which Myles appeals, and we will not address it. We will address her arguments related to custody and child support in a general sense, because the specific nature of her arguments is unclear.

{¶ 6} With respect to custody, Myles cites various chapters and sections of the Revised Code, including a juvenile court definition of "adequate parental care."[1] She also contends that Mason "wanted an abnormal Divorce," rather than an "amicable" one, and that "[a]bnormality is not what a child need[s]." She argues that shared parenting should have been ordered because the child "needs balance."

{¶ 7} It is apparent from the trial court's judgments, especially the magistrate's decision related to temporary custody of the child, that the child has significant health issues

---

[1] Myles refers to R.C. 2151.11, but we believe she intends to cite R.C. 2151.011(B)(1).

and that the juvenile court and Children Services had concerns about Myles's ability to care for the child. This concern is also reflected in the trial court's final judgment, which ordered supervised visitation with Myles and that she submit to a psychological evaluation. In the absence of a transcript, we cannot conclude that the trial court abused its discretion in concluding that Mason was the parent better able to meet the child's needs and in naming him as the residential and custodial parent. Neither party requested shared parenting and submitted a shared parenting plan, which is a prerequisite to such an order. See R.C. 3109.04(D)(1). Nonetheless, the court's concerns about Myles's ability to adequately care for the child probably would have precluded such an arrangement.

{¶ 8} With respect to child support,[2] Myles claims that Mason was ordered to pay her $1,300 per month, but this assertion is unsupported by the record. In a temporary order issued several months before the final judgment, at a time when Mason had filed for divorce but the parties were still living together, the court did order Mason to pay $1,354 per month as temporary spousal support, but stated that this obligation was satisfied by payment of the mortgage on their home as long as they continued to live together. A final judgment supercedes temporary orders. *Long v. Long*, 3d Dist. Union No. 14-10-01, 2010-Ohio-4817, ¶ 16. Moreover, the trial court expressly stated that it was not awarding spousal support, and Myles did not have custody of the child. There is no basis to conclude that she was entitled to a spousal support award of $1,300 per month.

{¶ 9} Myles also contends that her income was overstated by $5,000 on the child

---

[2] The trial court's judgment stated that "[n]either party shall pay spousal support to the other," so we infer that Myles's argument relates to child support.

support computation worksheet. The source of the exact figure used as Myles's income by the trial court on the child support computation worksheet is unclear. Mason's Affidavit of Financial Disclosure, filed several months before the judgment, lists Myles's annual income as $8,826 from Anton's Cab Service in Vandalia; Myles did not appear at the hearing to present evidence about her income at that time, and it is unclear what evidence, if any, Mason presented on this issue. As mentioned earlier, we do not have a transcript of the hearing or any exhibits presented.

{¶ 10} The trial court's final judgment indicated that Myles was still employed by Anton's Cab Service. Without a transcript of the hearing, we cannot conclude that the trial court abused its discretion in using the amount that it did.

{¶ 11} Finally, Myles contends that she "shouldn't be responsible" for medical support of the child because he "has private insurance as primary and disability Ins. as secondary;" she asserts that the disability insurance covers all expenses not covered by private insurance. The final judgment orders that Mason, not Myles, provide health insurance as long as it is available through his employer at a reasonable cost. The additional amount of child support awarded by the court during periods when Mason provides insurance coverage was likely designed to defray the cost of Mason's expenditure on the child's health insurance, not to pay expenses that are not covered by insurance. We find no abuse of discretion in the trial court's order.

{¶ 12} Myles's arguments challenging the trial court's judgment are overruled.

{¶ 13} The judgment of the trial court will be affirmed.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Patricia N. Campbell
Robin E. Myles
Hon. Timothy D. Wood